Filed 12/23/25  P. v. Arellano CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN CARLOS OCHOA ARELLANO,<br><br>    Defendant and Appellant. | F089271<br><br>(Super. Ct. Nos. F23909305, F24905934)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Franson, J. and De Santos, J.

Appointed counsel for appellant, Juan Carlos Ochoa Arellano, asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief setting forth the relevant facts from the two cases underlying this appeal.

Appellant was advised of the right to file a supplemental brief within 30 days. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

Following is a brief description of the facts and procedural history of the cases. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In the first case (*People v. Arellano* (Super. Ct. Fresno County, 2024, No. F23909305)), appellant was charged by information with four counts: attempted carjacking (Pen. Code, §§ 664, 215, subd. (a)),[1] second degree robbery (§ 211), receiving stolen property (§ 496, subd. (a)), and grand theft (§ 487, subd. (a)). Codefendant Geronimo Marin was included on three of the charges was also charged with criminal threats (§ 422). The information further alleged appellant was armed with a firearm (§ 12022, subd. (a)(1)) for three of those counts, utilized a bat in the carjacking (§ 12022, subd. (b)(1)), and otherwise satisfied two aggravating factors (Cal. Rules of Court, rule 4.421(b)(2)(3)). Underlying these charges were allegations appellant, Marin, and one other codefendant approached a victim at a car wash and, using a firearm, attempted to steal his truck before stealing stereo equipment and other items from the truck. Additionally, appellant and Marin were alleged to have stolen an air conditioning unit and, when noticed, Marin displayed a firearm and threatened the observer.

Appellant waived his preliminary hearing and eventually pleaded no contest to second degree robbery. All other counts and allegations were dismissed. In doing so,

---

[1]     Undesignated statutory references are to the Penal Code.

appellant acknowledged he could receive a sentence up to five years in prison and that his conviction would count as a strike. After entering this plea in March 2024, appellant was released on a *Cruz*[2] waiver and told to meet with probation.

Appellant's sentencing was continued multiple times, in part because he failed to meet with probation as ordered. Eventually, appellant failed to appear for his scheduled sentencing, and the court revoked the *Cruz* waiver. Appellant missed a subsequent hearing and was eventually arrested and returned to court for a noncompliance finding and for sentencing.

In the second case (*People v. Arellano* (Super. Ct. Fresno County, 2024, F24905934)), appellant was identified as the getaway driver for a robbery near a grocery store. He was first charged in August 2024 with second degree robbery (§ 211). Appellant was held to answer after his preliminary hearing and eventually pleaded no contest to being an accessory after the fact (§ 32).

In December 2024, appellant was sentenced on both cases. He ultimately received a three-year sentence for second degree robbery and a concurrent two-year sentence for being an accessory after the fact. In later proceedings, the trial court granted appellant 381 days presentence credit on his robbery conviction and 221 days presentence credit on his accessory after the fact conviction.

This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.

---

**2**    *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, footnote 5 (noting that defendants can agree to terms whereby failing to comply allows the trial court to withdraw approval of a negotiated plea and impose a sentence in excess of the bargained-for term).